UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07-236 (RWR) |
| | : | |
| v. | : | |
| | : | |
| **MARK PONDER,** | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. Consistent with the Presentence Report ("PSR") and the guidelines range recommended by the United States Sentencing Guidelines ("U.S.S.G."), the Government requests that this Court sentence the defendant within the range of 46 to 57 months for the federal offense (bank robbery) and a consecutive sentence within the range of 18 to 60 months for the D.C. Code offense (robbery), the total of which should not exceed 71 months.[1]

---

[1] The parties originally negotiated a plea agreement with two federal charges (Count 2 was a federal carjacking offense, under 18 U.S.C. § 2119). Under that original plea agreement, the total adjusted range under the U.S.S.G (using the rules for multiple counts set forth in §3D1.2), would have been 57 to 71 months. For reasons known to the Court, a D.C. Code offense was substituted for Count 2 and a new plea agreement was signed. Nevertheless, the government agreed that it would not allocate for a sentence higher than that set at thee high end of the original guideline calculation.

-2-

1. <u>Factual Background</u>

On October 19, 2007, the defendant pleaded guilty to two crimes that were committed six days apart: he admitted that on July 9, 2007, he robbed the PNC Bank branch at 1779 Columbia Road, N.W., and he admitted that on July 15, he robbed a taxicab driver by forcing him from his cab and driving a short distance away before crashing.

Specifically, the defendant has admitted that at approximately 12:31 p.m., on July 9, 2007, he went into the PNC Bank located at 1779 Columbia Road, N.W., in Washington, D.C., and handed a note to the victim teller that said, "Don't do any thing stupid. Just give me all the money. And make it fast and give this back." The teller gave the defendant U.S. currency totaling $2,469 and he then left the bank on foot. The defendant was wearing a white dress shirt with stitched down pleats/tucks down the front.

On July 15, 2007, the defendant was arrested by officers of the Metropolitan Police Department, still wearing the shirt that is depicted in the surveillance photographs taken during the bank robbery, and he stated, "they made me do drugs, they made me rob the bank, the one on Columbia Road." Earlier that night (actually, very early morning) the defendant had approached a taxi stopped in the 1500 block of Monroe Street, N.W., in Washington, D.C., driven by Gashaye Gutema, forced him from the driver seat, and frightened away a passenger who had been seated in the back. The defendant tried to drive away, crashing the cab into a parked car and then into a

-3-

police vehicle.  That is what caused him to be placed under arrest.  On the night of his arrest, he was charged with robbing the taxi cab driver; following an investigation that followed, he agreed to be charged with and plead guilty to bank robbery.

2. <u>Sentencing Guidelines Analysis</u>

The PSR correctly states that the offense level for the bank robbery is **19**, based on a base offense level of 20 (§2B3.1(a)), increased by 2 levels because the victim was a financial institution (§2B3.1(b)(1)), and reduced three levels for acceptance of responsibility (§3E1.1).  It is also correct that the Superior Court guidelines recommend a sentence of 18 to 60 months, for the taxi robbery.  The parties have agreed that no adjustments or departures are warranted (*see* ¶4(c) of the plea agreement dated October 12, 2007), and that the U.S.S.G. range "constitute[s] a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)" (*id.,* at ¶5).  The parties are free, however, to seek a sentence outside the guideline range (*id.*), subject to the government's agreement, as set forth above, that it will not request a total sentence in excess of 71 months.

3. <u>The Defendant Should be Sentenced to 70 months</u>

The defendant committed two very serious crimes in less than six days.  He has a long and consistent record of criminal conduct and a very serious drug addiction.  The government recognizes that

-4-

the defendant has had a difficult life and that many of his prior crimes relate to his addiction; however, the defendant has had numerous opportunities to solve that problem, with almost no success.  It appears that the only way to protect the public from this defendant's behavior is to isolate him by incarceration.

It is the government's view that the defendant should serve 46 months (the low end of the range) for bank robbery and a consecutive 24 months (the statutory non-mandatory minimum sentence) for the robbery of the taxi driver.  Nearly all of the defendant's adult sentences are marked by violations of probation and supervised release.  Clearly, he either cannot or will not abstain from drug use.  Moreover, none of the methods and offers of support that he *now* claims can be of significant benefit to him have *ever* worked for him in the past.

We believe that the defendant needs to serve an amount of time in prison sufficient to provide him with intensive drug treatment that is unavailable to him and ineffective for him, in the community.  He must take advantage of, complete, and succeed in drug treatment programs.  Only a significant term can come close to preparing the defendant for a drug-free, law-abiding life, and no less that the public safety depends on his ability to succeed.

This was *not* a suicide attempt, as the defendant claims; rather, it was bank robbery, followed by a drug binge, followed by another robbery.  The public needs to be protected from this

-5-

conduct. The defendant's criminal conduct through his life is unabated and has now escalated into violent behavior. He should be incarcerated.

                              Respectfully Submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. Bar Number 498610

By:             /s/
                              _____
                              BARBARA E. KITTAY
                              Assistant U.S. Attorney
                              D.C. Bar Number 414216
                              United States Attorney's Office
                              555 Fourth Street, N.W. Rm. 4846
                              Washington, D.C.  20530
                              Tel. (202) 514-6940
                              barbara.kittay@usdoj.gov